IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50908
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

INOCENTE HERNANDEZ-ROMERO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-280-1-DB
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

        Inocente Hernandez-Romero appeals the sentence imposed
following his guilty plea conviction of attempting to illegally
reenter the United States after deportation/removal in violation
of 8 U.S.C. § 1326.  He contends that the sentence is invalid
because it exceeds the two-year maximum term of imprisonment
prescribed in 8 U.S.C. § 1326(a).  Hernandez-Romero complains
that his sentence was improperly enhanced pursuant to 8 U.S.C.
§ 1326(b).  He argues that the sentencing provision is

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional.  Alternatively, Hernandez-Romero contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses.  He argues that the prior conviction that resulted in his increased sentence was an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Hernandez-Romero acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.